BRITISH & AMERICAN MORTGAGE COMPANY

*v.* WINCHELL.

Opinion delivered March 14, 1896.

CONTRACT — FOREIGN CORPORATION DOING BUSINESS IN STATE. — A provision in a contract, which was in fact executed in another state, that it shall be construed and governed by the laws of this state, is not an admission that the making of the contract was a doing or transacting of business in this state, within the statute imposing conditions upon foreign corporations doing business in the state.

CONVEYANCE OF HOMESTEAD—CURING ACT.—A conveyance of a homestead, invalid for want of compliance with the act of March 18, 1887, was validated by the subsequent passage of the curative act of April 13, 1893.

Appeal from Franklin Circuit Court, Charleston District.

JEPHTHA H. EVANS, Judge.

*J. M. Rose*, for appellant.

1. The evidence fails to establish the plea of usury. Moore was not the agent of the company; but admitting that he was, the expenses were necessary to show the value of the borrower's security, and not part of the interest. 57 Ark. 347; 51 *id.* 549. The expenses of making the abstracts of title, recording the trust deed, and certificates of valuation and as to judgments, were legitimate charges to be paid by the borrower. None of these went to the lender, and the rule is that reasonable charges for services actually rendered, even by the lender or his agent, cannot be added to the in-

terest to constitute usury. 38 N. Y. 281; 2 Owens, 155; 48 Ga. 9; 30 N. J. Eq. 543; 19 Hun, 227; 55 Ia. 555; 2 Day, 483; 2 Conn. 341; 2 Abb. App. Dec. 5; 31 N. J. Eq. 40; 49 N. W. 55; 45 *id.* 1100; 14 Vt. 7.

2. Plaintiff was doing business in Arkansas. It was a Louisiana transaction. 54 Ark. 566.

3. As between the parties, the deed was sufficient to pass the homestead. 57 Ark. 242; 30 S. W. 39. But, if defective, it was cured by the curative act of 1893. 58 Ark. 117.

BUNN, C. J. This is a suit in ejectment, tried and determined in the Franklin circuit court, on the 27th day of September, 1893, in favor of the defendant, and the plaintiff, the said mortgage company, appealed to this court. It appears that the appellee borrowed, and gave his note to appellant for, the sum of $400, on the 2d day of January, 1889, due and payable in four equal annual installments of $40 each, due respectively on the 1st days of November, 1889, 1890, 1891, 1892, and one installment of $240 due 1st November, 1893, and each note bearing interest at the rate of ten per centum per annum from maturity until paid; and to secure the payment of said five promissory notes, and an equal number of notes calling for the interest on same before maturity, appellee and his wife, Victoria Winchell, executed and delivered at the same time their deed of trust in the usual form; and in this deed of trust, among other things, it was stipulated that on default in the payment of either of said notes, or of the interest notes also secured by the same, the whole debt should become due, and the deed of trust foreclosable, and the lands therein described be sold by the trustee therein named, on giving the notice specified and on the terms stipulated. A. R. Shattuck was named as trustee, and the deed of trust contained a clause authorizing another to be appointed

by the beneficiary in case the said Shattuck became unable or refused to serve, and under this power of substitution J. B. Moore was appointed trustee, who foreclosed the deed of trust on breach of the conditions, as directed therein, and at the sale by him appellant became the purchaser, and said Moore, as such trustee, in due course and form made his deed to it, conveying to it in fee, the lands described in said deed of trust, and the same which are in controversy in this litigation.   On this trustee's deed, this suit in ejectment was instituted by appellant against appellee for the recovery of said land, alleged to be then in possession of appellee, who, it is alleged, held the same without right, and refused to surrender his possession.

Appellee answered, setting up the plea of usury in the contracting of the debt, and that therefore said deed of trust was void; that the debt was an Arkansas debt, and that the contracting of it was a transacting business in this state, and that appellant is a foreign corporation, and had not complied with the laws of this state, and that for that reason both the debt and the deed of trust are void as against him; and further that the land conveyed in said deed of trust was, and is still, his homestead, and that his wife had not united with him in the conveyance of the same in said deed of trust as required, and for that reason said deed of trust was invalid under the provisions of the act entitled, "An act to render more effectual the constitutional exemption of homestead," approved March 18th, 1887.   The loan in question, it appears, was effected for appellee by Shattuck & Hoffman, commission merchants and loan brokers, resident and doing business in the city of New Orleans, in the state of Louisiana, from the appellant company, all the negotiations between them having been done in that city, and all the notes for the money so borrowed being made payable there.   It was, therefore, in fact a Louis-

iana contract; but the parties to the deed of trust had stipulated therein that the same, and the notes therein referred to, should be construed and governed by the laws of Arkansas. The evidence shows that the full amount of four hundred dollars was paid by appellants to said brokers for appellee, and that the brokers took for their pay a portion of the interest notes belonging to appellant,—that is, they were paid by appellant company out of its own funds; and that these brokers paid the full amount of said $400 to J. B. Moore, the agent of appellee, and that he, in turn, paid the same over to appellee, less fees and charges for his services, and certain expenditures he had made in the matter for appellee, which do not appear to be any part of the interest on said loan. Besides, it does not appear either that Shattuck & Hoffman were the agents of appellant in this transaction, or that J. B. Moore was the agent of appellant or of Shattuck & Hoffman; but it does appear that he was the agent of appellee. The evidence, therefore, does not sustain the charge of usury, there being in fact none upon which the charge could be based.

The agreement in the deed of trust that the same and the notes therein referred to should be construed and governed by the laws of Arkansas, if it had any effect at all to change a Louisiana to an Arkansas contract, evidently was not intended to be an admission or agreement that the making of the contract evidenced by said notes and deed of trust was a doing or transacting business in this state, contemplated and referred to in the statutes imposing conditions upon foreign corporations, in order that their contracts made in the course of the same may be binding upon the citizens of this state who are parties thereto. *When foreign corporation not engaged in business in state.*

The third contention of appellee is to the effect that the land conveyed in the deed of trust was the homestead of appellee, and that his wife had not united *When invalid conveyance of homestead cured.*

with him in executing said deed of trust as required by statute to render the conveyance by him of his homestead valid. Upon an inspection of the deed of trust, it appears that the wife united with the husband in the conveyance or granting clause, that she had relinquished her dower in a subsequent clause, and had acknowledged that she had signed the relinquishment of her dower; and in fact that said deed of trust would have been a valid conveyance of the husband's homestead before the passage of the act approved March 18, 1887, aforesaid; that the conveyance was made January 2, 1889, and acknowledged by both husband and wife on the 8th of January, 1889. If this execution of the conveyance of the homestead was defective under the provisions of the act of 1887, as alleged and contended by appellee, still such defect was cured by the act entitled "An act to cure defective conveyances and acknowledgments," approved April 13, 1893.

The evidence does not sustain either of appellee's contentions, and the instructions given by the court below are based upon a theory not established by the evidence, and are therefore erroneous.

The judgment is therefore reversed, and cause remanded with directions to enter judgment for appellant company, which was the plaintiff in the court below.